[899 NYS2d 867]

In the Matter of MICHAEL J. KAPER (Admitted as MICHAEL JONATHAN KAPER), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 11, 2010

## APPEARANCES OF COUNSEL

*Rita E. Adler*, Hauppauge (*Leslie B. Anderson* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) moves for an order finding the respondent in default on the ground that he failed to file an answer specifically addressing the allegations in the verified petition, deeming those charges established and imposing such discipline upon the respondent as the Court deems just and proper.

The verified petition contains 12 charges of professional misconduct, including failure to reregister with the Office of Court Administration for the biennial periods 1994 through 2008, failure to cooperate with the Grievance Committee, neglect of legal matters entrusted to him, misrepresenting the status of a matter to a client, handling a legal matter without adequate preparation, and failure to cooperate with the Nassau County Fee Arbitration Committee in seeking to arbitrate fee disputes with three former clients.

The Grievance Committee personally served the decision and order on motion dated November 14, 2008, along with the notice of petition and verified petition, upon the respondent on November 20, 2008. The respondent failed to submit an answer within 20 days as directed by this Court. The Grievance Committee thereafter moved to impose discipline based on the respondent's default. In response, the respondent filed a verified answer and affidavit in opposition dated February 27, 2009. By decision and order on motion dated May 14, 2009 (2009 NY Slip Op 72521[U] [2009]), this Court denied the Grievance Committee's motion to impose discipline based on the respondent's default, vacated the default of the respondent in answering the petition, directed him to submit an answer specifically address-

ing the allegations of the petition within 30 days, and directed the parties to proceed to a hearing before the Special Referee as previously ordered.

Although the decision and order on motion dated May 14, 2009 was personally served on the respondent on June 19, 2009, the respondent failed to serve a verified answer specifically addressing the allegations in the petition, as directed by this Court.

Under the circumstances, the respondent is in default and the charges contained in the petition must be deemed established. Accordingly, the Grievance Committee's motion is granted and the respondent is disbarred on default.

PRUDENTI, P.J., RIVERA, SKELOS, FISHER and DILLON, JJ., concur.

Ordered that the petitioner's motion is granted upon the respondent's default; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Michael J. Kaper, admitted as Michael Jonathan Kaper, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Michael J. Kaper, admitted as Michael Jonathan Kaper, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Michael J. Kaper, admitted as Michael Jonathan Kaper, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Michael J. Kaper, admitted as Michael Jonathan Kaper, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).